IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 2:21-433 |
| v.              ) | |
| ) | |
| ) | |
| ANGEL PEREZ           ) | |

**OPINION**

Robert J. Colville, United States District Judge

Before the Court are two pretrial motions filed by Defendant Angel Perez in this matter. Defendant is charged in a two-count Indictment (ECF No. 28) with violating federal firearms laws. The case involved four search warrants (the "Search Warrants") authorizing the search of four locations: hotel room 222 at the Holiday Inn Express ("room 222"), hotel room 226 at the Holiday Inn Express ("room 226"), a white GMC SUV, and a red Chevrolet Malibu. ECF No. 140 at 3.

On April 5, 2024, Defendant filed a Motion for Discovery (ECF No. 137), outlining six categories of discovery materials that it seeks from the Government. On June 4, 2024, Defendant filed a Motion to Suppress (ECF No. 140), seeking to suppress all evidence seized with reliance on the Search Warrants. On August 7, 2024, the Court ordered additional briefing on the topic of the Motion to Suppress. ECF No. 145. On August 28, 2024, Defendant filed a Brief in Support (ECF No. 146), and on August 29, 2024, the Government filed a Brief in Opposition (ECF No. 147). On January 6, 2025, the Court held a hearing on the Motion to Suppress. The Court rules on the Motion for Discovery and the Motion to Suppress here.

I.   **Discussion**

   A. **Motion for Discovery**

1

Defendant moves to compel the Government to provide items of discovery related to the following categories:

1. Automatic License Plate Reader information ("ALPR")
2. Reports or other digital data related to the search of two seized cellphones
3. Information (including photographs) related to Hotel Rooms 222 and 226
4. Body Cam footage and policies
5. Discoverable Substantive Case-Related Communications
6. Information related to the search of two subject vehicles (Red Chevrolet and White SUV)

In his motion, Defendant cites, among other things, (i) Rule 16(a)(1)(E)(i), claiming that the requested discovery is "material to preparing the defense," (ii) *Brady v. Maryland*, claiming that the items in questions are "evidence favorable to an accused" and "material either to guilt or to punishment," (iii) *Giglio v. United States*, claiming that the materials are "evidence affecting [the] credibility" of the Government's witnesses, (iv) the Jencks Act, and (v) the Court's inherent power to order disclosures beyond the minimum requirements. ECF No. 137 at 7–15.

The Government asserts that these requests are moot, premature, and/or overbroad, as the requested materials either are in Defendant's possession, do not exist, have already been disclosed, or are not yet subject to disclosure. ECF No. 144 at 1. Specifically, the Government asserts the following regarding the requested materials:

*1.* Regarding the ALPR, the Government asserts that Defendant is in possession of this information. *Id.* at 4.

2. The Government asserts that the cellphone data requested by Defendant does not exist. The Government has provided Defendant with the few photographs searched, but it never

did a full "phone dump" or "image dump" of the phone. The Government notes that it is willing to conduct a full data extraction if Defendant authorizes it to do so. *Id.* at 3.

3.  Regarding the hotel rooms information, the Government claims that it provided this to the Defendant.

4.  Regarding the bodycam information, the Government points out that Defendant justifies his request by a vague allusion to the possibility of evidence suppression and government witness impeachment, when "[i]nstead, he must make a concrete showing that he has a fair probability of discovering such evidence." *Id.* at 5 (quoting *Maynard v. Gov't of Virgin Islands*, 392 F.App'x 105, 116–17 (3d Cir. 2010)).

5.  Regarding the discoverable case-related communications, the Government again points out the vagueness of Defendant's justification for the request. *Id.*

6.  As to information related to the two vehicles, the Government has reviewed Defendant's Motion with its investigative team, and has determined that apart from what has been disclosed, no additional vehicle-related information exists.

With respect to discovery in criminal cases, the United States Court of Appeals for the Third Circuit has explained:

> In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution. . . . In *Brady*, the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials . . . that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness."

*United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (quoting *United States v. Hill*, 976 F.2d 132, 134–35 (3d Cir.1992)); *see also United States v. Searcy*, No. 19-CR-135, 2020 WL 7066335, at

\*9 (W.D. Pa. Dec. 3, 2020) ("The Supreme Court in *Giglio* extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a government witness. *Giglio*, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under *Brady*." (citing *United States v. Higgs*, 713 F.2d 39, 43 (3d Cir. 1983)). "Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial." *United States v. Beech*, 307 F.R.D. 437, 440 (W.D. Pa. 2015) (citing *United States v. Fioravanti,* 412 F.2d 407, 410 (3d Cir.), *cert. denied,* 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969)). "Nor is the rule designed to provide a defendant with verification that the use of anticipated evidence at trial by the defense is not vulnerable to attack by evidence within the government's possession." *Id.*

At this juncture, the Court is convinced that the Government has likely satisfied its discovery obligations; however, if the government can produce the data available at the hyperlinks in the cellphone screenshots regarding ALPR and the actual surveillance from the hotel, the Court orders it to do so. It appears that the Government is willing to provide this discovery, and indeed, it claims to have done so. But photographs of hyperlinks, rather than the data at the end of those links, and cellphone photographs of video files, rather than the videos themselves, are less than ideal. If such materials remain in the Government's possession, or are otherwise available, in a more robust or useful manner than has been disclosed to Defendant, then the Government shall disclose such materials in their more utilitarian form. Further, to the extent that the Government is in possession of any discoverable material under Rule 16 or exculpatory materials subject to

disclosure under *Brady*, which it has failed to produce to date, it shall provide such materials, in a reasonably accommodating form, to Defendant forthwith.

With respect to impeachment material under *Brady/Giglio*, the Court's standard practice is to require disclosure **ten days** before trial, and that will apply in this case. The Government has stated that it is aware of and intends to adhere to its ongoing obligations at the appropriate times. *Id.* at 6. For the time being, the Court is satisfied with these assurances.

With respect to Jencks disclosures, as the parties are aware, "[t]here is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial." *United States v. Lightfoot*, No. 08-cr-127, 2008 WL 3050300, at *3 (W.D. Pa. Aug. 5, 2008). That said, the Court encourages the Government to make any such disclosures as early as possible, so as to avoid unnecessary delays during trial.

The Court believes that it has provided sufficient guidance in this Opinion such that further Court-involvement on the issue should be unnecessary. That said, the Court will entertain further argument, briefing, or motion practice, including for reconsideration of the analysis herein, to the extent either party believes the same is warranted. Accordingly, the Motion at ECF No. 137 is denied in part. The Motion is granted in part, but only insofar as the Government may be in possession of more helpful versions of already disclosed files and materials.

**B. Motion to Suppress**

Defendant's Motion at ECF No. 140 seeks the suppression of all evidence seized with reliance upon the Search Warrants, arguing that they do not describe with particularity the places to be searched or the persons or things to be seized. ECF No. 140 at 4. Defendant notes that the applications for the Search Warrants include affidavits that describe the places, persons, and things

5

to be searched or seized, and that those affidavits are referenced in the final Search Warrants. However, the affidavits are not themselves included in the Search Warrants, and the particularity of what was to be search and seized was not provided to Defendant at the time the Search Warrants were executed.

In *Groh v. Ramirez*, the United States Supreme Court ruled that a search warrant is only valid if it describes the persons or things it authorizes law enforcement to seize. 540 U.S. 551 (2004). Even if the persons or items to be seized are provided in the search warrant application, if they do not find their way to the warrant itself, the warrant is invalid. *Id.* Particularized descriptions can be incorporated from the application into the warrant by reference, but "reference to a supporting application or affidavit [requires that] the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant."

Having heard oral arguments and reviewed briefing on the facts, the Court is satisfied that while the Search Warrants were sufficiently particularized, the particular places to be searched and items to be seized, quite possibly, were not disclosed to the Defendant at the time of the search.

However, "[t]he fact that a Fourth amendment violation occurred . . . does not necessarily mean that the exclusionary rule applies." *Herring v. United States*, 555 U.S. 135, 140 (2009). Rather, "to trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it." *Id.* at 144. The search and seizures appear to have been conducted in accordance with the Warrants; accordingly, the Court sees no evidence of a deliberate attempt to conceal information from the Defendant in order to expand the scope of the search. The facts of record simply do not support a finding that the police conduct in this case constitutes a deliberate abuse of the process, but rather, at worst, an unfortunate oversight. As such, the exclusionary rule does not apply.

## II.     Conclusion

For the reasons discussed above, the Court will grant in part and deny in part Defendant's Motion for Discovery, as discussed above. And for the reasons discussed above, the Court will deny Defendant's Motion to Suppress. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 7, 2025

cc: All counsel of record